UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VIRGINIA KRATOCHVIL,

                          Plaintiff,

          V.

COMMISSIONER OF SOCIAL SECURITY,[1]

                          Defendant.
_____

**REPORT AND RECOMMENDATION**

06-CV-1535
(LEK/VEB)

## I. INTRODUCTION

In March of 2003, Plaintiff Virginia Kratochvil filed an application for Supplemental Security Income ("SSI") benefits under the Social Security Act. Plaintiff alleges that she has been unable to work since March 10, 2003, due to multiple medical conditions, including latex poisoning and back problems. The Commissioner of Social Security denied Plaintiff's application for benefits.

Plaintiff, through her attorney, Peter M. Margolius, Esq., commenced this action on December 22, 2006, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1). Plaintiff seeks judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On March 20, 2009, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 11).

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. The Clerk of the Court is hereby directed to substitute Commissioner Astrue as the defendant in this action pursuant to Rule 25 (d)(1) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

The relevant procedural history may be summarized as follows.  Plaintiff filed an application for SSI benefits on May 15, 2003, claiming that she had been unable to work since March 10, 2003 (T at 47-49).[2]  The application was denied on August 19, 2003 (T at 19-22).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on September 10, 2003 (T at 23).  A hearing was held in Albany, New York on January 24, 2006, before ALJ Thomas P. Zolezzi.  (T at 185-262).  Plaintiff appeared at the hearing and was represented by counsel.  (T at 185).

On May 24, 2006, the ALJ issued a written decision denying Plaintiff's application for SSI benefits.  (T at 11-16).  ALJ Zolezzi's decision became the Commissioner's final decision on October 17, 2006, when the Appeals Council denied Plaintiff's request for review.  (T at 4-7).

Plaintiff commenced this action on December 22, 2006 (Docket No. 1).  Plaintiff, through counsel, filed a supporting Brief on March 21, 2007.  (Docket No. 6). The Commissioner interposed an Answer on April 12, 2007 (Docket No. 7).  The Commissioner filed a Brief in opposition on August 7, 2007 (Docket No. 22).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court proceeds as if both parties had moved for judgement on the pleadings.[3]

## III. DISCUSSION

---

[2] Citations to "T" refer to the Administrative Transcript.  (Docket No. 8)

[3] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

2

**A.     Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir.1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the

court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

> This five-step process is detailed below:
>
> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.
>
> If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.
>
> If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.
>
> If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

> Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

### B.   Analysis

#### 1.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision.  (T at 13).   Further, the ALJ found that Plaintiff had multiple impairments (degenerative disc disease of L4-5, herniated nucleus pulposus of L5-S1, latex allergies, and depression) considered "severe" under the Social Security Administration's Regulations (the "Regulations").  (T at 13).  However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or equal one of the impairments listed in Appendix I of the Regulations (the "Listings"). (T at 13).

5

After reviewing the medical evidence, the ALJ concluded that Plaintiff "has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally; sit, stand, and walk 6 hours each in an 8-hour workday." (T at 13). However, the ALJ found that the Plaintiff should not be exposed to "concentrated gases, fumes, odors, dust, smoke, . . . poor ventilation [or] . . . latex gloves or covering." (T at 13). The ALJ also concluded that Plaintiff must be permitted "to change positions as needed using the sit/stand option (sit for 45 to 60 minutes/stand 15 to 20 minutes")." (T at 13).

The ALJ found that the Plaintiff is unable to perform any past relevant work, but had acquired work skills from such work. (T at 14-15). Considering Plaintiff's age (Plaintiff was 43 years old at the time of the alleged disability, which the Regulations define as a "younger individual age 18-49"), educational background (high school education), job skills acquired from past relevant work and residual functional capacity, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy. (T at 15). Accordingly, the ALJ concluded that Plaintiff is not under a "disability," as that term is defined under the Act, and denied the application for SSI benefits. (T at 16).

As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 4-7).

### 2. Plaintiff's Position

Plaintiff contends that the Commissioner's decision should be reversed. She offers a single argument in support of her position. Specifically, Plaintiff contends that the ALJ erred by failing to obtain an updated medical expert opinion regarding her ability to perform work. According to Plaintiff, she lacked medical insurance, which limited her medical treatment and allegedly prevented her treating physician from rendering an opinion as to whether she is able to perform work.

The record indicates that Plaintiff was scheduled for a consultative medical examination on two separate occasions. (T at 124). Plaintiff failed to attend both appointments, despite being provided with letter and telephone reminders. (T at 124-26). Plaintiff claimed that she missed the first appointment due to car trouble and failed to attend the second appointment because she allegedly received a letter advising her not to appear. (T at 218-220). Neither excuse was supported by any evidence in the record. A claimant may waive a disability claim by failing to appear for examinations designed to evaluate the claim. See McCoy v. Barnhart, 309 F.Supp.2d 1281, 1285 (D. Kan. 2004). In fact, the Regulations specifically provide that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled." 20 C.F.R. § 416.918.

In the present case, as noted above, Plaintiff's proffered "good reasons" for failing to attend either of the two examinations are unsupported by any evidence and contradicted by the record, which indicates that she simply failed to appear. Given her apparent lack of cooperation with regard to the development of the record, Plaintiff cannot now prevail

based upon a challenge to the adequacy of that record. See Walker v. Barnhart, 172 Fed. Appx. 423, 427-28, 2006 WL 535520, at *4 (3d Cir. Mar. 6, 2006); Pearce v. Sullivan, 871 F.2d 61, 64 (7th Cir. 1989).

In addition and in the alternative, the ALJ's decision was supported by substantial evidence in the record. As noted by the ALJ, there are no records of psychiatric treatment or counseling that might arguably support Plaintiff's claims of disabling depression. (T at 13). Further, with regard to the issue of physical limitations, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1529(b), 416.929; SSR 96-7p; Gernavage v. Shalala, 882 F.Supp. 1413, 1419 (S.D.N.Y.1995). Moreover, a finding of disability under the Act requires more than an inability to work without pain. See Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983). To be considered disabling, pain must be so severe, either by itself or in combination with the claimant's other impairments, as to preclude any substantial gainful activity. Id. See also 42 U.S.C. § 423(d)(5)(A).

In this case, the ALJ determined that Plaintiff has severe impairments, including degenerative disc disease and latex allergies, and that those impairments could reasonably be expected to produce the alleged symptoms. However, the ALJ concluded that Plaintiff's statements concerning the intensity, duration and limiting effects of those symptoms were not entirely credible. (T at 14).

In reaching his conclusion, the ALJ properly considered Plaintiff's daily activities, the type and nature of the symptoms reported, the medication and other treatment Plaintiff

used to alleviate her symptoms, and any other measures she used to relieve pain (R. at 14). See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p.

Specifically, Plaintiff testified that she discontinued prescription pain medication (T at 205, 207), that she had not seen her pain management doctor in several months (T at 204), and that her activities of daily living included lifting her 22-pound granddaughter (T at 208), cooking (T at 210), washing dishes (T at 210), folding laundry (T at 211), and needlepoint (T at 212). Plaintiff does not challenge these conclusions or question the ALJ's analysis. Rather, her argument is limited to the suggestion that the ALJ erred by failing to obtain a consultative examination. Given the evidence supporting the ALJ's determination and the fact that the record strongly suggests that Plaintiff was the party primarily responsible for the lack of a consultative examination, this Court finds Plaintiff's argument unavailing.

In light of the foregoing, this Court finds that the ALJ properly exercised his discretion to evaluate the credibility of Plaintiff's testimony, presented an explicit summary of his evaluation, and rendered an independent judgment regarding the extent of Plaintiff's subjective complaints based on the objective medical and other evidence. See e.g., Mimms v. Sec'y of Health and Human Servs., 750 F.2d 180, 196 (2d Cir.1984); Snell v. Apfel, 177 F.3d 128, 135 (2d Cir.1999) (holding that an ALJ is in a better position to decide credibility); Martone v. Apfel, 70 F.Supp.2d 145, 151 (N.D.N.Y.1999).

## IV. CONCLUSION

After carefully examining the administrative record, the Court finds substantial evidence supports the Commissioner's decision in this case, including the objective medical

evidence and the evidence concerning Plaintiff's failure to cooperate with the consultative examinations. It is clear to the Court that the ALJ thoroughly examined the record, afforded appropriate weight to all the medical evidence, including Plaintiff's treating physicians, and afforded Plaintiff's subjective claims of pain and limitations an appropriate weight when rendering his decision that Plaintiff is not disabled. The Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Court recommends that the Commissioner be GRANTED judgment on the pleadings.

Respectfully submitted,

_____
Victor E. Bianchini
United States Magistrate Judge

Dated:      April 24, 2009

            Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

11

SO ORDERED.

April 24, 2009

_____
Victor E. Bianchini
United States Magistrate Judge